INHABITANTS OF KIRKLAND *versus* INHABITANTS OF BRADFORD.

In an action for the support of a pauper, wherein it becomes necessary to show that he was resident in the defendant town, upon the day of its incorporation, the plaintiffs do not make out a *prima facie* case, by merely proving that he was residing there a few months before, and a few months after that day.

EXCEPTIONS from the District Court, GOODENOW, J.

The action was for supporting a pauper. The question was,

whether his residence was in Bradford, on the 12th day of March, 1831, upon which day the town was incorporated. There was evidence tending to show that he had a residence for 15 years in the plantation of Bradford ; that in the fall of 1830, he broke up housekeeping there, and put out his children in different places ; that he and his wife separated, and she stayed in another town, and he went to Glenburn to labor ; that he returned to Bradford in the spring of 1832, and remained there several months with his family.

The Judge instructed the jury that, if they found the pauper had an established residence in Bradford with his family, not many months before the day of the incorporation, and also that he returned and was residing there again with his family, not long after said day ; and if he was not actually residing or dwelling in the town on the day of incorporation, the burden is on the party alleging that his residence was broken up on that day by his absence, to satisfy the jury that his residence was broken up by such absence.

To this ruling defendants except, the verdict being for the plaintiffs.

*Appleton,* for plaintiffs.

*Kent* and *Cutting,* for defendants.

SHEPLEY, C. J. orally. — The instructions excepted to relate to the burden of proof.   Generally, throughout the whole of a case, the burden is on the plaintiff.

In this case, the plaintiffs had proved that the pauper's residence was in Bradford, in the fall prior to its incorporation, and that he was found residing there in the spring after the incorporation.   The instruction was, in substance, that these two facts made out a *prima facie* case, that his residence was there at the time of the incorporation.   The Court deem that instruction erroneous.   *Libby* v. *Greenbush,* 20 Maine, 47.

*Exceptions sustained.*